IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: COMMONWEALTH OF PENNSYLVANIA'S APPLICATION FOR EXTRAORDINARY JURISDICTION | : : : : | CIVIL ACTION |
| COMMONWEALTH OF PENNSYLVANIA, Plaintiff, | : : : | |
| v. | : : | |
| CHRISTOPHER WILLIAMS, Defendant. | : : | No. 13-3038 |

# [PROPOSED] ORDER

AND NOW, this          day of                    , 2013, upon consideration of the Commonwealth of Pennsylvania's motion to remand, and any answer thereto, it is hereby **ORDERED** that the motion to remand is **GRANTED**, and this matter is **REMANDED** to the Court of Common Pleas of Philadelphia County.

BY THE COURT:

_____
**Berle M. Schiller, J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: COMMONWEALTH OF PENNSYLVANIA'S APPLICATION FOR EXTRAORDINARY JURISDICTION | : : : : | CIVIL ACTION |
| COMMONWEALTH OF PENNSYLVANIA, Plaintiff, | : : : | |
| v. | : : | |
| CHRISTOPHER WILLIAMS, Defendant. | : : | No. 13-3038 |

THE COMMONWEALTH OF PENNSYLVANIA'S MOTION TO REMAND

This matter should be remanded to the Court of Common Pleas of Philadelphia County because:

1. Removal is not proper under the general removal statute.

2. Removal is not proper under the federal-officer removal statute.

Respectfully submitted,

/s/ *Peter Carr*
Peter Carr
Assistant District Attorney
Hugh J. Burns, Jr.
Chief, Appeals Unit
PHILADELPHIA DISTRICT ATTORNEY'S OFFICE
Three South Penn Square
Philadelphia, PA 19107
peter.carr@phila.gov
hugh.burns@phila.gov
(215) 686-5766

Date:   July 2, 2013          *Attorneys for the Commonwealth*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: COMMONWEALTH OF PENNSYLVANIA'S APPLICATION FOR EXTRAORDINARY JURISDICTION | : : : : : | CIVIL ACTION |
| COMMONWEALTH OF PENNSYLVANIA,<br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER WILLIAMS,<br>Defendant. | : : : : : : : : | No. 13-3038 |

**MEMORANDUM OF LAW IN SUPPORT OF
THE COMMONWEALTH'S MOTION TO REMAND**

|  |  |
|---|---|
|  | Peter Carr<br>Assistant District Attorney<br>Hugh J. Burns, Jr.<br>Chief, Appeals Unit<br>PHILADELPHIA DISTRICT ATTORNEY'S OFFICE<br>Three South Penn Square<br>Philadelphia, PA 19107<br>peter.carr@phila.gov<br>hugh.burns@phila.gov<br>(215) 686-5766 |
| Date:  July 2, 2013 | *Attorneys for the Commonwealth* |

# CONTENTS

AUTHORITIES ................................................................................................................... ii

INTRODUCTION ...............................................................................................................1

BACKGROUND .................................................................................................................1

ARGUMENT .......................................................................................................................2

    I.      Removal is not proper under the general removal statute.........................................2

        A.    This Court would not have had original jurisdiction over the Commonwealth's state-court petition, and therefore does not have removal jurisdiction under the general removal statute. ...................................................................................................................2

        B.    Even if this Court otherwise had jurisdiction under the general removal statute, abstention would be required. ................................................................................4

    II.     Removal is not proper under the federal-officer removal statute. ............................6

        A.    The FCDO has not asserted a defense in this case that arises out of a duty to enforce federal law. ..............................................................................................................6

        B.    Even if this Court otherwise had jurisdiction under the federal-officer removal statute, abstention would be required. .............................................................11

CONCLUSION ..................................................................................................................13

CERTIFICATE OF SERVICE

# AUTHORITIES

**Cases**

*Colorado v. Symes*, 286 U.S. 510 (1932) ................................................................................... 9

*Colorado Water Conserv. Dist. v. United States*, 424 U.S. 800 (1976) ........................................ 5

*Diamond "D" Const. Corp. v. McGowan,* 282 F.3d 191 (2d Cir. 2002) ....................................... 5

*Dixon v. Georgia Indigent Legal Services, Inc.*, 388 F.Supp. 1156 (D.Ga. 1974) ....................... 11

*Employers Res. Mgmt. Co. v. Shannon*, 65 F.3d 1126 (4th Cir. 1995) .......................................... 6

*Ferri v. Ackerman*, 444 U.S. 193 (1979) ..................................................................................... 10

*Gurda Farms, Inc. v Monroe County Legal Assistance Corp.*, 358 F.Supp. 841 (S.D.N.Y. 1973) ................................................................................................................................................ 11

*Hoover v. Ronwin*, 466 U.S. 558 n.18 (1984) ............................................................................... 5

*Huffman v. Pursue, Ltd.*, 420 U.S. 592 (1975) .............................................................................. 5

*Jefferson County v. Acker*, 527 U.S. 423 (1999) ............................................................... 9, 10, 12

*Lutz v. Calme*, 1999 WL 1045163 (6th Cir. 1999) ....................................................................... 6

*Maryland v. Soper*, 270 U.S. 9 (1927) .......................................................................................... 7

*Melahn v. Pennock Ins., Inc.*, 965 F.2d 1497 (8th Cir. 1992) ................................................. 6, 12

*Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804 (1986) ...................................... 3

*Mesa v. California*, 489 U.S. 121 (1989) ................................................................................ 8, 10

*Middlesex County Ethics Comm. V. Garden State Bar Ass'n*, 457 U.S. 423 (1982) ................. 4, 5

*Miller v. Mitchell*, 598 F.3d 139 (3d Cir. 2010) ........................................................................... 5

*Polcha v. AT & T Nassau Metals Corp.*, 837 F.Supp. 94 (M.D.Pa. 1993) .................................... 4

*Polk County v. Dodson*, 454 U.S. 312 (1981) ............................................................................. 10

*Quackenbush v. Allstate Ins. Co.*, U.S. 517 U.S. 706 (1996) ...................................................... 12

*Ratmansky ex rel. Ratmansky v. Plymouth House Nursing Home, Inc.*, No. Civ. A. 05-0610, 2005 WL 770628 (E.D.Pa. Apr. 5, 2005) ........................................................................................ 4

*Smith v. Industrial Valley Title Ins. Co.,* 957 F.3d 90 (3d Cir. 1992) ......................................... 3, 4

*Williams v. Beard*, 2006 WL 3486457 (E.D.Pa. Dec. 1, 2006) ...................................................... 1

*Willingham v. Morgan*, 395 U.S. 402 (1969) ........................................................................... 8, 10

*Younger v. Harris*, 401 U.S. 37 (1971) ......................................................................................... 4

**Statutes**

42 Pa.C.S. § 726 .............................................................................................................................. 1

18 U.S.C. § 3599 ........................................................................................................................ 3, 8

28 U.S.C. § 1441 .................................................................................................................... passim

28 U.S.C. § 1442 .................................................................................................................... passim

28 U.S.C. § 1447 .................................................................................................................... 11, 12

**Other Authorities**

Franklin D. Cleckley, *Clearly Erroneous: The Fourth Circuit's Decision to Uphold Removal of a State-Bar Disciplinary Proceeding Under the Federal-Officer Removal Statute*, 92 W. Va. L. Rev. 577 (Spring 1990) ........................................................................................................ 12

**INTRODUCTION**

The Commonwealth of Pennsylvania filed a state-court petition seeking to have the Capital Habeas Unit of the Defender Association of Philadelphia, a Federal Community Defender Organization ("FCDO"), disqualified in a state-court proceeding in which the FCDO appears to be financing the state-court litigation with federal money, in violation of federal law. Thereafter, the FCDO removed the disqualification matter from state court to this Court, invoking the general removal statute, 28 U.S.C. § 1441, as well as the federal officer removal statute, 28 U.S.C. § 1442. As set forth below, removal was not proper under either provision, and the case therefore must be remanded to state court.

**BACKGROUND**

Christopher Williams is a Pennsylvania state inmate who, in 1992, was sentenced to life in prison following his conviction of first-degree murder and related offenses. After an unsuccessful round of state post-conviction litigation, he filed an untimely petition for federal habeas corpus relief, which was dismissed in 2006, *Williams v. Beard*, No. 01-cv-4947, 2006 WL 3486457 (E.D.Pa. Dec. 1, 2006) (McLaughlin, J.), *aff'd*, 300 Fed.Appx. 125 (3d Cir. 2008). Currently, he is litigating a state-court appeal, docketed in the Pennsylvania Superior Court at No. 1488 EDA 2012, from the dismissal of an untimely serial petition for post-conviction relief.

In Williams's state-court appeal, he is represented by attorneys from the FCDO, who claim to be appearing in a "pro bono" capacity. On May 17, 2013, the Commonwealth petitioned the Pennsylvania Supreme Court to exercise "extraordinary jurisdiction pursuant to 42 Pa.C.S. § 726 for the purpose of exercising its exclusive constitutional authority to supervise the practice of law," and determining whether the FCDO genuinely is appearing in state court in a pro bono

1

capacity or instead is improperly using federal funds to finance its state-court litigation. Dkt. No. 1, Ex. B, p. 7.

On April 24, 2013, the FCDO removed the Commonwealth's petition from the Pennsylvania Supreme Court to this Court. As set forth below, that removal was improper, and the matter must be remanded to state court.

## ARGUMENT

### I.     Removal is not proper under the general removal statute.

The FCDO contends that this Court has removal jurisdiction pursuant to the general removal statute, 28 U.S.C. § 1441, because the Commonwealth's state-court disqualification petition raised a question of federal law. But, under controlling precedent, the Commonwealth's petition would not have satisfied the requirements for federal-question jurisdiction, and the FCDO therefore is wrong to claim that this Court has removal jurisdiction under Section 1441. Moreover, even if jurisdiction otherwise were established under Section 1441, abstention would be required.[1]

### A.     This Court would not have had original jurisdiction over the Commonwealth's state-court petition, and therefore does not have removal jurisdiction under the general removal statute.

The FCDO's attempt to invoke removal jurisdiction under Section 1441 requires little response. This Court would not have had original jurisdiction over the Commonwealth's state-court disqualification motion under Section 1331, and therefore does not have removal

---

[1] The FCDO presumably is aware of the obstacles to removal under Section 1441, as it elected not to invoke that provision in prior, substantially-identical cases it removed to this Court. *See, e.g., In re Commonwealth v. William Johnson Proceeding*, No. 13-cv-2242, Dkt. No. 1-1; Commonwealth v. Isaac Mitchell Proceeding, No 13-cv-1871, Dkt. No. 1.

jurisdiction under Section 1441. *See* 28 U.S.C. §§ 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"); 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending").

Although it is true that the Commonwealth's state-court disqualification motion accused the FCDO of violating a federal statute, 18 U.S.C. § 3599, by using federal money to litigate Williams's state-court proceedings, the parties are in agreement that the statute in question creates no federal private right of action.[2] Consequently, under controlling precedent, the Commonwealth's petition did not provide a basis for federal-question jurisdiction, could not have been filed in this Court originally pursuant to Section 1331, and cannot be the basis for removal jurisdiction under Section 1441. *See Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 807, 817 (1986) ("[A] complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim 'arising under the Constitution, laws, or treaties of the United States'") (quoting 28 U.S.C. § 1331); *Smith v. Industrial Valley*

---

[2] *See* Dkt. No. 14-1, pp. 11-13 (FCDO's motion to dismiss based on absence of private right of action). As the Commonwealth will explain at greater length in a separate response to the FCDO's motion to dismiss, the absence of a federal private right of action is not a bar to the Commonwealth's state-court disqualification motion because the doctrine does not apply to state claims that incorporate federal law, and, in any event, disqualification motions are not "private actions." However, as set forth above, under *Merrell Dow* and its progeny there is no federal-question jurisdiction when, as here, a state cause of action incorporates federal law for which no private right of action would exist.

*Title Ins. Co.*, 957 F.3d 90, 93 (3d Cir. 1992) ("[F]ollowing *Merrell Dow,* we hold that a private federal remedy for violating a federal statute is a prerequisite for finding federal question jurisdiction.... Thus, a federal court is prohibited from finding federal question jurisdiction on the ground that such federal violation is a disputed and necessary element of a state cause of action"); *Ratmansky ex rel. Ratmansky v. Plymouth House Nursing Home, Inc.*, No. Civ. A. 05-0610, 2005 WL 770628, at *3 (E.D.Pa. Apr. 5, 2005) (Schiller, J.) ("[T]he Third Circuit has held that when a state law cause of action incorporates a federal statutory standard, a private federal remedy for a violation of the federal statute is a *prerequisite* for finding federal question jurisdiction. Therefore, if there is no private federal remedy here, there is no federal question jurisdiction") (emphasis in original) (citing *Smith*, 957 F.2d at 93, and *Polcha v. AT & T Nassau Metals Corp.,* 837 F.Supp. 94, 96 (M.D.Pa. 1993)).

### B. Even if this Court otherwise had jurisdiction under the general removal statute, abstention would be required.

In any event, even if this Court would have had original jurisdiction over the Commonwealth's disqualification motion pursuant to Section 1331, and therefore otherwise would have removal jurisdiction pursuant to Section 1441, it would be inappropriate for this Court to exercise such jurisdiction because to do so would be to interfere with an ongoing state proceeding in which important state interests are implicated and an adequate opportunity exists for the FCDO to litigate any federal defenses.

As *Younger v. Harris,* 401 U.S. 37 (1971), and its progeny establish, there is "a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex County Ethics Comm. V. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). Under that line of cases, federal courts must abstain from exercising

4

jurisdiction if: (1) there is "an ongoing state judicial proceeding"; (2) "the proceedings implicate important state interests"; and (3) "there [is] an adequate opportunity in the state proceedings to raise constitutional challenges." *Id.* at 432. When the requirements of *Younger* are met, abstention is mandatory; a federal court has "no discretion" in the matter. *Colorado Water Conserv. Dist. v. United States,* 424 U.S. 800, 816 n. 22 (1976). *See also Miller v. Mitchell*, 598 F.3d 139, 145-46 (3d Cir. 2010) (federal courts "must abstain" when *Younger's* requirements are satisfied); *Diamond "D" Const. Corp. v. McGowan,* 282 F.3d 191, 197 (2d Cir. 2002) ("[W]hen *Younger* applies, abstention is mandatory and its application deprives the federal court of jurisdiction in the matter").

The three requirements for *Younger* abstention are easily met here. There is an ongoing state judicial proceeding: Williams's state post-conviction appeal. Both the post-conviction appeal and the attorney-disqualification proceeding being litigated within the context of that appeal implicate important state interests. *See, e.g., Hoover v. Ronwin*, 466 U.S. 558, 569 n.18 (1984) (describing "regulation of the bar" as "a sovereign function of the [State] Supreme Court," "at the core of the State's power to protect the public" and "essential to the primary governmental function of administering justice") (citations omitted). And the FCDO is fully capable of litigating any federal claims it thinks it has in state court.

While the FCDO has disputed in other removed proceedings that *Younger* applies to cases removed pursuant to the federal officer removal statute, 28 U.S.C. § 1442, there is no question that *Younger* applies to cases in which a federal court's original jurisdiction is invoked pursuant to Section 1331. *See*, *e.g.*, *Huffman v. Pursue, Ltd*., 420 U.S. 592 (1975). And there consequently should be no question that *Younger* applies to cases in which originally jurisdiction

5

supposedly would have been established under Section 28 U.S.C. § 1331, and the case is merely being removed pursuant to the general removal statute, 28 U.S.C. § 1441. *See, e.g., Lutz v. Calme*, 1999 WL 1045163, at *1-2 (6th Cir. 1999) (unpublished); *Employers Res. Mgmt. Co. v. Shannon*, 65 F.3d 1126, 1134-36 (4th Cir. 1995); *Melahn v. Pennock Ins., Inc.*, 965 F.2d 1497, 1501-02 (8th Cir. 1992). The FCDO's attempt to rely on the general removal statute in this case is unavailing both because there is no federal-question jurisdiction here and because abstention would be necessary in any event.

### II. Removal is not proper under the federal-officer removal statute.

The FCDO's alternative contention, that this Court has removal jurisdiction pursuant to the federal-officer removal statute, 28 U.S.C. § 1442, also should be rejected. The FCDO has not asserted a defense in this case that arises out of a duty to enforce federal law, and therefore has not satisfied the statutory requirement that the removed proceeding be for or related to an act under color of federal office. Moreover, even if jurisdiction otherwise were established under Section 1442, abstention again would be required.

#### A. The FCDO has not asserted a defense in this case that arises out of a duty to enforce federal law.

Remand to state court is necessary because the requirement of 28 U.S.C. § 1442(a)(1) that the state action be for or related to an act done under color of federal office is not met here. The defense the FCDO has asserted in this case does not arise out of any federal contractual duties, but rather is independent of such duties.

Section 1442(a)(1) provides authority for the United States, its agencies, and the officers thereof, as well as persons "acting under" officers of the United States, to remove civil actions and criminal prosecutions for or related to their actions taken "under color of" federal office:

6

> **(a)** A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> **(1)** The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C. § 1442.

The "under color of [federal] office" requirement has long been a critical component of federal officer removal. For example, in *Maryland v. Soper*, 270 U.S. 9 (1927), the Court explained that, to justify federal officer removal, "[i]t must appear that the … [state case] has arisen out of the acts done by him under color of federal authority and in enforcement of federal law, and *he must by direct averment exclude the possibility that it was based on acts or conduct of his, not justified by his federal duty*." 270 U.S. at 33 (emphasis added). In other words, although federal officer removal "does not require that the prosecution must be for the very acts which the officer admits to have been done by him under federal authority," *i.e.*, the federal officer is entitled to deny having done the acts alleged and yet still seek removal, it *does* require that "his presence at the place in performance of his official duty constitute the basis, though mistaken or false, of the state prosecution." *Id*. It is not enough for purported federal officers to aver that the conduct "on account of which they are … [facing a state civil action or criminal prosecution] was at a time when they were engaged in performing their official duties," since such averments "do not negative the possibility that they were doing other acts than official acts at the time and on this occasion, or make it clear and specific that whatever was done by them leading to the [state proceeding] was done under color of their federal official duty." *Id*. at 35.

In more modern cases, the Supreme Court has explained this requirement to mean that federal-officer removal is appropriate in "all cases where federal officers can raise a colorable defense *arising out of their duty to enforce federal law*." *Willingham v. Morgan*, 395 U.S. 402, 406-07 (1969) (emphasis added); *accord Mesa v. California*, 489 U.S. 121, 131-33 (1989). But here, the FCDO does not appear to be claiming that federal law authorizes it to use federal funds in Williams's state-court litigation, and thus that it is carrying out its duties as a federal contractor in state court.

Quite the contrary, the FCDO's substantive defense in this case appears to be that its appearance in state court is "independent of" its federal contractual duties:

> That [capital habeas counsel] is not required to represent a PCRA petitioner in state court as part of his or her representation services is irrelevant to whether the same counsel may represent the PCRA petitioner in state court *independent of* the federal appointment.
>
> \*\*\*
>
> Section 3599(e) does not forbid an FCDO lawyer from appearing pro bono in state court on behalf of, say, a homeowner seeking to avert foreclosure as a result of a mortgage default. By the same token, section 3599(e) does not authorize federal compensation for the pro bono lawyer or the FCDO for services rendered on behalf of the homeowner in state court.

Dkt. No. 1, p. 8 (emphasis added).[3]

---

[3] At oral argument before Judge McLaughlin in *In re Commonwealth v. Mitchell Proceeding*, No. 2:13-cv-01871, the FCDO raised the defense that it was properly using federal money on behalf of Mitchell, even prior to any federal appointment order, because much or all of the work it did in state court would also be useful to any future federal habeas proceedings. Under those circumstances, the Commonwealth observed that the FCDO was raising a colorable (albeit wrong) defense arising out of its alleged federal contractual role.

However, since Mitchell's state case and Williams's state case are not in the same procedural posture (for example, the instant case is non-capital and Williams's state petition is

(continued. . .

That defense is a far cry from the one that was at issue in *Jefferson County v. Acker*, 527 U.S. 423 (1999), the case on which the FCDO chiefly relies to justify federal officer removal. *Jefferson County* involved state actions by a county to collect occupational taxes from federal judges who worked in the county. The judges removed the actions to federal court under Section 1442(a)(3), asserting a defense under the intergovernmental tax immunity doctrine because the occupational tax fell on their performance of federal judicial duties, and therefore allegedly risked interfering with the operation of the federal judiciary. *Jefferson County*, 527 U.S. at 427.

Although not the main focus of the Supreme Court's opinion, the Court noted as a "preliminar[y]" matter that the state proceedings were "for an act under color of office," 28 U.S.C. § 1442(a)(3), because "[t]he essence of the judges' colorable defense is that Jefferson County's Ordinance expressly declares it 'unlawful' for them to 'engage in [their] occupation' without paying the tax, and thus subjects them to an impermissible licensing scheme. The judges accordingly see Jefferson County's enforcement actions as suits 'for' their having 'engage[d] in [their] occupation.'" *Id.* at 427, 432 (citation to local tax ordinance omitted; all other alterations supplied by the Court"). The Court deemed it sufficient that the judge's allegations on that point

---

not his first), it cannot be assumed that the FCDO is also asserting that it can and does use federal money to finance Williams' state proceedings. The FCDO has the burden to explain its defense with specificity; the Commonwealth and this Court cannot be forced to guess at whether the FCDO is claiming that its alleged federal contractual duties authorize it to use federal money to finance Williams's state-court litigation. *See Colorado v. Symes*, 286 U.S. 510, 520 (1932) (explaining that a federal officer seeking removal "must establish fully and fairly this defense [that he was acting pursuant to a federal duty] by the allegations of his petition for removal before the federal court can properly grant it. It is incumbent on him, conformably to the rules of good pleading, to make the case on which he relies, so that the court may be fully advised and the state may take issue on a motion to remand. … In order to justify so exceptional a procedure [as federal officer removal], the person seeking the benefit of it should be candid, specific and positive in explaining his relation to the transaction growing out of which he has been indicted, and in showing that his relation to it was confined to his acts as an officer") (citation omitted).

were plausible, albeit not "airtight," because, under a more demanding burden, the "color of office" requirement would effectively require the removing officer to prove that his federal defense is correct, as opposed to merely colorable. *Id*. Since the conduct giving rise to the state tax-collection proceedings "encompass[ed] holding court in the county and receiving income for that activity," the Supreme Court was "satisfied that the judges have shown the essential nexus between their activity 'under color of office' and the county's demand, in the collection suits, for payment of the local tax." *Id*. at 433.

The situation here is far different. Whereas the judges' immunity defense arose out of their duties to adjudicate cases and thereby enforce federal law, the FCDO is suggesting here that its state-court representation of Williams is "independent of" any federal contractual duties. Dkt. No. 1, p. 8. By definition, a defense that is "independent of" federal contractual duties does not "aris[e] out of" those federal duties; consequently, it is not a defense that justifies federal officer removal. *Mesa*, 489 U.S. at 131-33; *Willingham*, 395 U.S. at 406-07; *see also Polk County v. Dodson,* 454 U.S. 312, 317-18 (1981) (holding that public defenders do not act "under color of law" because the relationship between a public defender and her client, "[e]xcept for the source of payment, … [is] identical to that existing between any other lawyer and client"; "[i]n our system a defense lawyer characteristically opposes the designated representatives of the State" and "best serves the public, not by acting on behalf of the State or in concert with it, but rather by advancing 'the undivided interests of his client'"); *Ferri v. Ackerman*, 444 U.S. 193, 199-200 (1979) (explaining in the course of holding that defense attorneys appointed by federal courts are not entitled to absolute immunity, that, when Congress enacted the Criminal Justice Act, it "attempt[ed] to minimize the differences between retained and appointed counsel" and "intended

all defense counsel to satisfy the same standards of professional responsibility and to be subject to the same controls").[4]

### B. Even if this Court otherwise had jurisdiction under the federal-officer removal statute, abstention would be required.

Because the FCDO has not validly invoked this Court's removal jurisdiction, there once again is no need to consider whether federalism principles require the Court to abstain from exercising such jurisdiction. But even if the FCDO satisfied the statutory requirements for removal under Section 1442, *Younger* abstention again would be required.

As set forth above (*supra* at 5), there is no dispute that the three requirements for *Younger* abstention are met here. Unable to contest that the usual requirements for *Younger* abstention are present, or establish that any recognized exception to the *Younger* doctrine applies, the FCDO's position seems to be that abstention is inappropriate because the federal officer removal statute is "mandatory" in the sense that Sections 1442 and 1447 do not explicitly grant courts discretion or authority to apply the various abstention doctrines. But that is always true. Whether in a removed case or in an original action, a federal court applying *Younger* or any of the other abstention doctrines takes as a given that it has jurisdiction to hear the case, but nevertheless abstains from exercising that jurisdiction. For example, the language of the statute providing for original jurisdiction in cases presenting federal questions, 28 U.S.C. § 1331, is

---

[4] Likewise, *Gurda Farms, Inc. v Monroe County Legal Assistance Corp.*, 358 F.Supp. 841, 847 (S.D.N.Y. 1973), and *Dixon v. Georgia Indigent Legal Services, Inc.*, 388 F.Supp. 1156, 1661 (D.Ga. 1974), are inapposite because the legal services organizations there were asserting defenses arising out of, rather than independent of, their federal contractual duties. *See Gurda Farms*, 358 F.Supp. at 847 ("[T]he very project in question here … is the product of a specific congressional authorization. … Plaintiffs nowhere contend that defendants were not acting under the color of their office….").

phrased in even more clearly "mandatory" terms ("*shall* have original jurisdiction") than 28 U.S.C. 1442, the statute providing for federal officer removal jurisdiction ("*may* be removed") but, as discussed above (*supra* at 5), there is no question that the *Younger* doctrine applies in that context.

There is no reason why a party that removes a case to federal court would put the court in any different position from where it would have been had the party (or its opponent) originally brought an action in federal court. It is always true that "federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress," but that duty "is not … absolute." *Quackenbush v. Allstate Ins. Co.*, U.S. 517 U.S. 706, 716 (1996). Whether a case has come to a federal court in its original jurisdiction or in its removal jurisdiction, the court still must consider the comity principles at the heart of *Younger*, and abstain from exercising jurisdiction if the requirements of *Younger* apply. *See, e.g., Jefferson County*, 527 U.S. at 435 n. 5 (noting, in case removed pursuant to Section 1442, that "abstention and stay doctrines may counsel federal courts to withhold jurisdiction" in some situations); *Melahn*, 965 F.2d at 1501-02 (concluding, in case removed pursuant to Section 1441, that "the district court had the authority to remand this case to state court based on abstention, a reason not expressly articulated in § 1447(c)"); Franklin D. Cleckley, *Clearly Erroneous: The Fourth Circuit's Decision to Uphold Removal of a State-Bar Disciplinary Proceeding Under the Federal-Officer Removal Statute*, 92 W. Va. L. Rev. 577, 615-21 (Spring 1990) (persuasively arguing that, even in context of case removed pursuant to Section 1442, federal courts should abstain from exercising jurisdiction over state attorney-disciplinary matters).

Again, the FCDO does not meet the requirements for federal officer removal under Section 1442, but even if the FCDO satisfied Section 1442, *Younger* abstention would be warranted. The Commonwealth respectfully requests this Court to remand the removed action to state court.

## CONCLUSION

This matter should be remanded to the Court of Common Pleas of Philadelphia County.

/s/ *Peter Carr*
Peter Carr
Assistant District Attorney
Hugh J. Burns, Jr.
Chief, Appeals Unit
PHILADELPHIA DISTRICT ATTORNEY'S OFFICE
Three South Penn Square
Philadelphia, PA 19107
peter.carr@phila.gov
hugh.burns@phila.gov
(215) 686-5766

Date: July 2, 2013        *Attorneys for the Commonwealth*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: COMMONWEALTH OF PENNSYLVANIA'S APPLICATION FOR EXTRAORDINARY JURISDICTION | : : : : | CIVIL ACTION |
| COMMONWEALTH OF PENNSYLVANIA, Plaintiff, | : : : | |
| v. | : : | |
| CHRISTOPHER WILLIAMS, Defendant. | : : | No. 13-3038 |

### CERTIFICATE OF SERVICE

The Commonwealth's motion to remand and supporting brief have been filed electronically, and are available for viewing and downloading by all counsel of record from the Electronic Case Filing System. In addition, I have caused a copy of the same documents to be served by first-class mail on the following person:

David Richman, Esquire
Pepper Hamilton LLP
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA 19103-2799
*Attorney for the Defender Association of Philadelphia*

/s/ *Peter Carr*
Peter Carr
Assistant District Attorney
PHILADELPHIA DISTRICT ATTORNEY'S OFFICE
Three South Penn Square
Philadelphia, PA 19107
peter.carr@phila.gov
(215) 686-5766

Date:   July 2, 2013            *Attorney for the Commonwealth*